**Slip Op. 15-86**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

_____
|                                                                                      |    |                                   |
|--------------------------------------------------------------------------------------|----|-----------------------------------|
| FENGCHI IMP. & EXP. CO., LTD. OF HAICHENG CITY, FENGCHI REFRACTORIES CO. OF HAICHENG CITY, and FEDMET RESOURCES CORPORATION, | :  |                                   |
|                                                                                      | :  |                                   |
| Plaintiffs,                                                                          | :  | Before: Nicholas Tsoucalas,       |
|                                                                                      | :  |         Senior Judge              |
| v.                                                                                   | :  |                                   |
|                                                                                      | :  | Court No.: 13-00186               |
| UNITED STATES,                                                                       | :  |                                   |
|                                                                                      | :  |                                   |
| Defendant,                                                                           | :  |                                   |
|                                                                                      | :  |                                   |
| and                                                                                  | :  |                                   |
|                                                                                      | :  |                                   |
| RESCO PRODUCTS, INC., and ANH REFRACTORIES COMPANY,                                  | :  |                                   |
|                                                                                      | :  |                                   |
| Defendant-Intervenors.                                                               | :  |                                   |

**OPINION**

[Commerce's Remand Results are sustained.]

Dated: August 13, 2015

Donald B. Cameron, Brady W. Mills, Julie C. Mendoza, Mary S. Hodgins, R. Will Planert, and Sarah S. Sprinkle, Morris Manning & Martin LLP, of Washington, DC, for plaintiffs.

Melissa M. Devine, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Whitney M. Rolig, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Joseph W. Dorn, J. Michael Taylor, and Brian E. McGill, King & Spalding LLP, of Washington, DC, for defendant-intervenor Resco Products, Inc. and Harbison Walker International (formerly ANH Refractories Company.

**Tsoucalas, Senior Judge:** before the court are the Department of Commerce's ("Commerce") Final Results of Redetermination pursuant to Court Remand in Fengchi Imp. & Exp. Co., Ltd. of Haicheng City v. United States, 39 CIT __, __, Slip Op. 15-23 (Mar. 25, 2015) ("Fengchi I"). See Final Results of Redetermination Pursuant to Fengchi Imp. & Exp. Co., Ltd. of Haicheng City v. United States, ECF No. 111 (May 26, 2015) ("Remand Results"). The relevant facts and procedural history are set forth in Fengchi I. Familiarity with the court's decision in Fengchi I is presumed.

Plaintiffs, Fengchi Import and Export Co., Ltd. of Haicheng City, Fengchi Refractories Co. of Haicheng City and Fedmet Resources Corporation (collectively, "Plaintiffs"), challenge Commerce's redetermination. See Pls.' Cmts. on Remand Results, ECF No. 114 (June 25, 2015) ("Pls.' Br."). Both Commerce and Defendant-Intervenors Resco Products, Inc. ("Resco") and Harbison Walker International, formerly ANH Refractories Company ("ANH") insist that the court sustain the Remand Results. See Def.'s Resp. to Cmts. on Remand Results, ECF No. 118 (July 10, 2015) ("Def.'s Br."); Def.- Intervenors's Cmts. Response to Pls.' Cmts. on Remand Results, ECF No. 120 (July 10, 2015) ("Def.-Int.'s Br.").

**JURISDICTION and STANDARD OF REVIEW**

The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) (2012) and section 516A(a)(2)(B)(iii) of the Tariff Act of 1930,[1] as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012).  The court will uphold Commerce's final determination in an antidumping duty administrative review unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951).

Additionally, when reviewing an agency's interpretation of its regulations, the court must give substantial deference to the agency's interpretation, Michaels Stores, Inc. v. United States, 766 F.3d 1388, 1391 (Fed. Cir. 2014) (citing Torrington Co. v. United States, 156 F.3d 1361, 1363-64 (Fed. Cir. 1998)), according it "'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512, (1994) (citations omitted); accord Viraj Group v. United States, 476 F.3d 1349, 1355 (Fed. Cir. 2007). In this context, "[d]eference to an agency's interpretation of its

---

[1] Further citations to the Tariff Act of 1930 are to the relevant portions of Title 19 of the U.S. Code, 2006 edition, and all applicable amendments thereto.

own regulations is broader than deference to the agency's construction of a statute, because in the latter case the agency is addressing Congress's intentions, while in the former it is addressing its own." Viraj, 476 F.3d at 1355 (quoting Gose v. U.S. Postal Serv., 451 F.3d 831, 837 (Fed. Cir. 2006).

## Discussion

In the underlying administrative review of the antidumping order on certain magnesia carbon bricks ("MCBs") from China, Commerce applied a total adverse facts available ("AFA") to Fengchi as a consequence of Fengchi's refusal to respond to Commerce's request for certain sales information. See Certain Magnesia Carbon Bricks From the People's Republic of China: Final Results and Final Partial Rescission of Antidumping Duty Administrative Review; 2010–2011, 78 Fed. Reg. 22,230 (Apr. 15, 2013) ("Final Results"); see also Certain MCBs from the PRC: Issues and Decision Memorandum for the Final Results of the 2010–2011 Administrative Review, (Apr. 9, 2013) PR 148 at 1–2 ("IDM"). Commerce assigned Fengchi a weighted-average dumping margin of 236% based on the petition rate from the investigation. See First Administrative Review of MCBs from the PRC: Corroboration Memorandum (Oct. 1, 2012), CR 68 at 2–3 (unchanged in final). Commerce found that the petition rate was reliable because it calculated the 236% figure as the AFA rate for the PRC-wide entity during the investigation, which it then corroborated using model-

specific margins of a cooperating respondent. See id. Commerce determined that the rate was relevant to Fengchi by comparing the United States price from the petition to the average unit prices for five Fengchi sales of magnesia alumina carbon bricks ("MACBs") that were identified by United States Customs and Border Protection ("CBP"). Id. at 3. Specifically, Commerce found that the U.S. sales price from the petition rate was within the range of the average unit values for Fengchi's entries. Id. Additionally, Commerce found that the usage rates for the factors of production in the petition were within the range of values of Fengchi's reported usage rates. Id. Because the rate was both reliable and relevant to Fengchi, Commerce found that it adequately corroborated the petition rate of 236%. Id.

In Fengchi I, the Court remanded the Final Results to Commerce for further explanation regarding the corroboration of the AFA rate. Fengchi I, 39 CIT at __, Slip Op. 15-23 at 18-22. Although the Court determined that Commerce properly relied on AFA in assigning Fengchi's weighted-average dumping margin, as a consequence of the Federal Circuit's holding in Fedmet Resources Corp. v. United States, 755 F.3d. 912, (Fed. Cir. 2014), the court became "concerned with Commerce's potentially unreasonable use of out of scope MACB sales to corroborate the AFA rate." Id. at __, Slip Op. 15-23 at 21-22. Therefore, the court remanded so that

Commerce could have the opportunity to address this concern at the administrative level.  Id.

Commerce resolved these concerns in its Remand Results. There, Commerce reasonably explained that the Federal Circuit's ruling in Fedmet "only affects [Commerce's] corroboration of the AFA rate assigned to Fengchi to the extent that the record demonstrates that the entries underlying [Commerce's] corroboration analysis were actually non-subject MACBs."  Remand Results at 5.  Commerce found that Fengchi's refusal to cooperate with the review precluded it from identifying the exact nature of those entries.  Id.  Specifically, Commerce examined the CBP entry documentation for the five sales at issue and found that the documentation described the merchandise as MACBs, but did not contain any additional details regarding the merchandise's alumina content, which is necessary to distinguish MACBs from MCBs.  Id. at 5-6; see also Fedmet Res. Corp. v. United States, 755 F.3d 912, 924 (Fed. Cir. 2014).  According to Commerce, nothing in this data indicated whether Fengchi's merchandise was actually out-of-scope as outlined in Fedmet.  Since Fengchi refused to provide Commerce with any narrative clarifying the merchandise in question, Commerce reasonably found that the entry documentation was ambiguous as to the product actually sold.  Id. at 6. Consequently, Commerce reasonably concluded that the five entries used to corroborate the AFA rate were subject merchandise. Id.

Commerce also examined additional record evidence regarding other sales that CBP identified as subject merchandise that Fengchi did not report for the period of review. Id. at 7 (citing First Antidumping Administrative Review of Certain MCBs from the PRC: Sections C and D Supplemental Questionnaire, (Aug. 3, 2012) CR 46 at Attach. II). Once again, Fengchi chose not to comment on these sales, limiting the record to only the prices and quantities of imports that were classified as subject merchandise by CBP. Id. at 7. Therefore, Commerce reasonably inferred that the sales were subject merchandise and found that, as with the other five CBP entries in question, the United States price from the petition was "within the range of the average unit prices for the remaining unreported sales and [was] therefore relevant to Fengchi for this period of review." Id. at 7.

When selecting an AFA rate, Commerce may rely on information from the petition, investigations, prior administrative reviews, or "any other information placed on the record." 19 U.S.C. § 1677e(b). However, Commerce cannot select any rate as the AFA rate, but rather, must select an AFA rate that is "a reasonably accurate estimate of the respondent's actual rate, albeit with some built-in increase intended as a deterrent to non-compliance." F.lli De Cecco Di Filippo Fara S. Martino S.p.A. v. United States, 216 F.3d 1027, 1032 (Fed. Cir. 2000). "Commerce must select secondary information that has some grounding in

commercial reality." Gallant Ocean (Thailand) Co. v. United States, 602 F.3d 1319, 1324 (Fed. Cir. 2010). Although a higher AFA rate creates a stronger incentive to cooperate, "Commerce may not select unreasonably high rates having no relationship to the respondent's actual dumping margin." Id. at 1323 (citing De Cecco, 216 F.3d at 1032).

The requirements articulated by the CAFC are an extension of the statute's corroboration requirement. See De Cecco, 216 F.3d at 1032. Under 19 U.S.C. § 1677e(c), when Commerce relies on secondary information, it "shall, to the extent practicable, corroborate that information from independent sources that are reasonably at [its] disposal." 19 U.S.C. § 1677e(c). To corroborate secondary information, Commerce must find that it has "probative value." See KYD, Inc. v. United States, 607 F.3d 760, 765 (Fed. Cir. 2010). Secondary information has "probative value" if it is "reliable" and "relevant" to the respondent. Mittal Steel Galati S.A. v. United States, 31 CIT 730, 734, 491 F. Supp. 2d 1273, 1278 (2007); see KYD, 607 F.3d at 765-67.

Plaintiffs argue that Fedmet renders the AFA rate unreasonable because Commerce corroborated it using sales of non-subject MACBs. Pls.' Br. at 2-3. Plaintiffs insist that Commerce is required to identify evidence on the record that the entries it relies upon for the corroboration of an AFA rate are subject merchandise. Id. at 3 (citing Foshan Shunde Yongjian Housewares

& Hardware Co. v. United States, 37 CIT __, __, Slip Op. 13-47 (Apr. 8, 2013)). Additionally, Plaintiffs contend that although Commerce had previously requested that Fengchi respond to its antidumping duty questionnaire with respect to Fengchi's exports of MACBs, "Commerce never asked Fengchi for any additional information specifically regarding the CBP entry data, including the entries underlying the corroboration analysis." Id. at 4. Finally, Plaintiffs contend that Commerce erroneously continues to rely on the same "post hoc rationalizations" it offered prior to the court's remand in Fengchi I as justification for its corroboration of the AFA rate, instead of reviewing the evidence on the record. Id. at 7–8.

Plaintiffs' arguments are unpersuasive. Commerce is required to corroborate information only "to the extent practicable" on a given record. 19 U.S.C. § 1677e(c). On this record, Fengchi identifies no evidence indicating whether the alumina content of its merchandise falls within the range of out-of-scope MACBs described in Fedmet. See Fedmet Res. Corp. v. United States, 755 F.3d 912, 924 (Fed. Cir. 2014). As Commerce reasonably observed, Fedmet "only affects [Commerce's] corroboration of the AFA rate assigned to Fengchi to the extent that the record demonstrates that the entries underlying [Commerce's] corroboration analysis were actually non-subject MACBs." Remand Results at 5 (emphasis added). Therefore, at best,

the record is ambiguous, and allows for more than one reasonable answer to that predicate question.

Moreover, it appears that Plaintiffs would prefer that Commerce do all the work in establishing whether the entries in question were or were not MACBs, that is not Commerce's role. Commerce's inability to mandate participation in its proceedings means that interested parties bear the primary burden of developing the administrative record. See QVD Food Co. v. United States, 658 F.3d 1318, 1325 (Fed. Cir. 2011). Here, rather than provide any information about its merchandise, Fengchi left it to Commerce to assemble a record which it now complains results in a less favorable outcome. The fact of the matter is that Fengchi identifies no evidence on this record that undermines the reasonableness of Commerce's corroboration. Once again, Commerce is only required to corroborate the AFA rate "to the extent practicable" on a given record. 19 U.S.C. § 1677e(c).

Furthermore, Plaintiffs mistakenly characterize Commerce's comments in its redetermination as being a "post hoc rationalization." Pls.' Br. at 7–8. Commerce developed its comments in the redetermination over the course of the remand proceedings as the court directed in Fengchi I. The remand proceeding is an administrative proceeding, meaning that Commerce's comments are not the post hoc rationalization of its

counsel.  See Mitsubishi Heavy Indus. v. United States, 24 CIT 275, 287 n. 9, 97 F. Supp. 2d 1203, 1209 n.9 (2000).

Accordingly, since Plaintiffs chose not to comply with Commerce's request for information, Commerce reasonably selected from the list of secondary sources as the basis for Fengchi's AFA rate.  See 19 U.S.C. § 1677e(b).  The court finds that Commerce acted reasonably when it chose to rely on the limited data on the record to select an AFA rate that was "a reasonably accurate estimate of the respondent's actual rate, albeit with some built-in increase intended as a deterrent to non-compliance."  De Cecco, 216 F.3d at 1032.

For the foregoing reasons, Commerce's Remand Results are **SUSTAINED**.  Judgment will be entered accordingly.


                                              /s/ Nicholas Tsoucalas
                                              **Nicholas Tsoucalas**
                                              **Senior Judge**

**Dated:**  August 13, 2015
           **New York, New York**